IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| BYOPLANET INTERNATIONAL, LLC; and RICHARD O'SHEA, §<br>§<br>Plaintiffs, §<br>§<br>v. §<br>§<br>CHARLES GILSTRAP, §<br>§<br>Defendant. § | Civil Action No. 0:25-cv-60647-RS |

### DEFENDANT'S MOTION TO DISMISS

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant Charles Gilstrap ("Defendant" or "Gilstrap") hereby moves to dismiss Plaintiffs' Complaint (Dkt. No. 1-3) ("Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6), and in support thereof, would respectfully show as follows:

### I.
### INTRODUCTION & SUMMARY OF ARGUMENT

Plaintiffs ByoPlanet International, LLC ("ByoPlanet") and Richard O'Shea ("O'Shea") (collectively, "Plaintiffs") not only fail to state any claim for relief against Defendant but also make misrepresentations to Defendant and the Court in their Complaint. Plaintiffs' claims should therefore be dismissed pursuant to Rule 12(b)(6) and/or as a sanction for Plaintiffs' misrepresentations.

The Complaint cites a fabricated case and misrepresents the content of every single case it references. At best, this evidences a complete lack of diligence, and at worst, it is deliberate misconduct. If the Court ultimately finds that Plaintiffs acted in bad faith by doing so, it should dismiss this matter as a sanction.

The Court must also dismiss this matter because Plaintiffs' Complaint fails to state any claim for relief. Plaintiff O'Shea does not plead any conduct or damages that affect him individually, and therefore fails to state any claim for relief. That leaves only ByoPlanet's claims, which all fail to meet the pleading standards of the Federal Rules of Civil Procedure and must be dismissed. First, ByoPlanet's breach of contract claim fails because it has not adequately pleaded the elements of the existence of a contract, breach (in part), and damages. Second, ByoPlanet's claim for breach of fiduciary duty fails because the Complaint does not plausibly allege the essential elements of a duty to disclose all material financial information and damages caused by the alleged breach. Third, ByoPlanet's claim for fraud and/or fraudulent conspiracy both fail due to noncompliance with Federal Rule of Civil Procedure 9(b) and failure to plead essential elements of both fraud and civil conspiracy.

## II.
## RELEVANT PROCEDURAL HISTORY

Plaintiffs originally filed this action in the 17th Judicial Circuit in and for Broward County, Florida, alleging breach of contract, fraud/conspiracy to commit fraud, and breach of fiduciary duty.[1] *See* Dkt. No. 1-3.

Defendant Gilstrap timely filed his Notice of Removal in this Court on April 4, 2025, removing the instant case to this Court. *See* Dkt. No. 1 at 1, 3; Dkt. No. 1-4. Plaintiffs moved to remand this matter that same day. *See* Dkt. No. 3 at 1. Plaintiffs' Motion to Remand is still pending. Defendant has not yet answered or filed a responsive pleading to Plaintiffs' live complaint. No discovery has been taken and an initial conference has not yet been held.

## III.
## LEGAL STANDARD

---

[1] ByoPlanet has filed another action in this District against Gilstrap and non-party to this case (Peter Johansson) with many overlapping claims. *See* Dkt. No. 1 in Case No. 0:25-cv-60630-WPD.

Pleadings must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "[A] complaint 'does not need detailed factual allegations,'" but it must "provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Wistar v. Raymond James Fin. Servs., Inc.*, 365 F. Supp. 3d 1266, 1268 (S.D. Fla. 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff cannot simply make "naked assertions" without any "further factual enhancement." *Bell Atl. Corp.*, 550 U.S. at 557.

Although the Court must generally take the plaintiff's well-pleaded allegations as true when deciding a motion to dismiss pursuant to Federal Rule 12(b), that general rule is inapplicable to legal conclusions and does not preclude consideration of "obvious alternative explanations" for the alleged conduct at issue. *Wistar*, 365 F. Supp. 3d at 1269 (citation and quotation marks omitted).

## IV.
### ARGUMENTS & AUTHORITIES

A. **Plaintiffs' misrepresentations to the Court warrant dismissal of this case.**

No cases cited in Plaintiffs' Complaint are correctly referenced. As explained further below, one case reference is completely fabricated, another contains incorrect information from a different case, and the remainder do not reflect the contents of the cited cases. The fatal pleading deficiencies in the Complaint (described further *infra*) themselves require dismissal, but the misrepresentations also warrant dismissing this matter as a sanction.

First, "*Flight Options, LLC v. Aero Toy Store, LLC*, 2012 WL 1633073 (S.D. Fla. 2012)" appears non-existent. Dkt. No. 1-3 at 4. Searching the Westlaw citation provided did not locate any case. Even searching each party's name in the case style in isolation found no case similar to the title of this one in any state or federal court.

Second, the citation to "*Merrill Lynch v. Hagerty*, 808 So.2d 1266 (Fla. 4th DCA 2002)" does not correspond to an existing case. Dkt. No. 1-3 at 3. The case found at "808 So.2d 1266" is *Roberts v. State*, 808 So.2d 1266 (Fla. 4th Dist. Ct. App. 2002), a criminal case unrelated to the proposition for which it is cited (relating to breach of contract). *See* Dkt. No. 1-3 at 3. Searching by the name of the case located a case from a totally different court: *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Hagerty*, 808 F. Supp. 1555 (S.D. Fla. 1992). However, *Merrill Lynch* does not discuss or even reference the proposition it is cited for in the Complaint: "Breach of contract occurs when a party fails to perform their obligations, leading to damages." Dkt. No. 1-3 at 3; *see generally Merrill Lynch*, 808 F. Supp. 1555. The Complaint misrepresents the content of this case, regardless of whether they intended to cite *Roberts* or *Merrill Lynch*.

Third, Plaintiffs' remaining case citations misrepresent the content of those cases because they do not contain or support the cited proposition in any way. "[O]bligations of good faith and fair dealing within employment agreements" are not discussed anywhere in *Mason v. E. Speer & Associates, Inc.*, 846 So.2d 529 (Fla. 4th Dist. Ct. App. 2002)—a case which does not even deal with breach of contract. Dkt. No. 1-3 at 3; *see generally* 846 So.2d 529. The case of *Raimi v. Furlong*, 702 So.2d 1273 (Fla. 3rd Dist. Ct. App. 1997), is cited for the proposition that "[f]raud requires knowingly false statements intended to induce reliance." Dkt. No. 1-3 at 4–5. However, *Raimi* does not address any fraud claims whatsoever. *See* 702 So.2d at 1273–89. It only references an already-dismissed fraud counterclaim in passing, bearing no resemblance to the proposition for which Plaintiffs cited it. *Compare id.* at 1283 n.9, *with* Dkt. No.1-3 at 4–5. Similarly, although Plaintiffs cite *American Honda Motor Co. v. Motorcycle Information Network, Inc.*, 390 F. Supp. 2d 1170 (M.D. Fla. 2005) for a proposition related to fraudulent conspiracy, Dkt. No. 1-3, at 5, that case does not discuss conspiracy at all. *See Am. Honda*, 390 F. Supp. 2d at 1170–82.

Plaintiffs' counsel owes a duty of candor to the Court. *Cf. O'Brien v. Flick*, No. 24-61529-CIV-DAMIAN, 2025 WL 242924, at *5–6 (S.D. Fla. Jan. 10, 2025), *appeal filed*, No. 25-10143 (11th Cir. Jan. 15, 2025). As another Court in this District has acknowledged, courts "consistently agree that the use of fake legal authority is problematic and warrants sanctions[,]" and imposing such sanctions is "not uncommon." *Id.*, 2025 WL 242924, at *6; *see also Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (acknowledging that district courts may sanction parties who knowingly file pleadings containing false contentions). While there are many other reasons to grant this Motion to Dismiss ("Motion"), as discussed *infra*, Defendant requests that the Court dismiss this matter as a sanction on for misrepresentations to the Court, if the Court ultimately finds that Plaintiffs' counsel acted in bad faith.

**B.**     **Plaintiff O'Shea fails to state any claim against Defendant.**

O'Shea has not pleaded a single valid claim against Defendant. O'Shea brings all of his claims individually, but the Complaint's allegations are centered on ByoPlanet. Specifically: (1) O'Shea's claim for breach of contract fails because he pleads no contract with Defendant; (2) his breach of fiduciary duty claim fails because the Complaint does not plead any duty owed to O'Shea individually; (3) O'Shea's fraud claim fails because he does not allege that he was defrauded individually; and (4) all three claims also fail because the Complaint pleads no damages sustained by O'Shea individually. O'Shea's claims must therefore be dismissed in their entirety.

First, O'Shea's breach of contract claim fails because he does not allege any contract between himself and Defendant. *See* Dkt. No. 1-3 at 3; *Wistar*, 365 F. Supp. 3d at 1269 (setting out elements of breach of contract). The Complaint only alleges a breach of Defendant's "employment agreement" with an unknown party. Dkt. No. 1-3 at 3. The Complaint does not allege that O'Shea personally employed Defendant, and O'Shea cannot recover for breach of a contract

to which he is not a party. *See, e.g.*, *Jumping Jack Retail II, Inc. v. 7-Eleven, Inc.*, No. 23-cv-60460-BLOOM/Valle, 2023 WL 2987666, at *2 (S.D. Fla. Apr. 18, 2023). His breach of contract claim therefore fails.

Second, O'Shea's claim for breach of fiduciary duty fails to state any claim for relief because O'Shea does not and cannot show that Defendant personally owed him any fiduciary duty whatsoever. Defendant has found no case law or statute supporting the proposition that a Chief Financial Officer owes duty of "loyalty, good faith, and due care" or a duty to "[d]isclose all material financial information" to a company owner <u>personally</u>, in the owner's individual capacity—nor does the Complaint plead any facts plausibly supporting the existence of those duties. Dkt. No. 1-3 at 4. O'Shea's individual claim for breach of fiduciary duty should therefore be dismissed. *Cf. Silver Crown Investments, LLC v. Team Real Estate Mgmt., LLC*, 349 F. Supp. 3d 1316, 1331 (S.D. Fla. 2018) (dismissing breach of fiduciary claims in part because plaintiffs failed to allege facts showing that individual LLC members were "plausibly liable for a breach of fiduciary duty").

Third, the Complaint alleges only that Defendant defrauded ByoPlanet—not O'Shea. *See* Dkt. No. 1-3 at 4. Since the Complaint does not allege that O'Shea was personally defrauded (or that he ever dealt with Defendant in an individual capacity), O'Shea's claim for fraud must therefore be dismissed for failure to state a claim. *See, e.g.*, *4658 N. Ocean Inc. v. Branch Bank & Tr. Co.*, No. 10-61865-CIV-ALTONAGA/Brown, 2011 WL 13216975, at *5–6 (S.D. Fla. Feb. 15, 2011).

O'Shea's failure to adequately plead any claim for relief is underscored by the Complaint's damages allegations, which do not include any damages specific to O'Shea. The Complaint seeks "[c]ompensatory damages of $6,745,787.66 CAD[.]" Dkt. No. 1-3 at 5. Per the Complaint, this is

the amount of a final judgment against ByoPlanet in Canada. Dkt. No. 1-3 at 2. The final judgment against O'Shea, in contrast, was allegedly "$570,467.46 CAD in attorneys' fees and $150,000 CAD in punitive damages." *Id.* If the Complaint sought to recover for O'Shea's damages, then presumably it would have sought these amounts, too. But either way, nowhere else in the Complaint does O'Shea plead any damages that he suffered personally. Damages caused by the alleged misconduct are an essential element of every cause of action alleged by O'Shea. *See Wistar*, 365 F. Supp. 3d at 1269 ("damages flowing from the breach" are an element of breach of contract); *Rana Fin., LLC v. City Nat'l Bank of N.J.*, 347 F. Supp. 3d 1147, 1153 (S.D. Fla. 2018) (citation omitted) (one element of a breach of fiduciary duty claim is "damages proximately caused by the breach"); *Hercules Capital, Inc. v. Gittleman*, No. 16-cv-81663, 2018 WL 395489, at *24 (S.D. Fla. Jan. 12, 2018) (citation omitted) (an essential element of civil conspiracy is damage resulting from the acts performed pursuant to the conspiracy); *4658 N. Ocean*, 2011 WL 13216975, at *6, *6 n.5 (dismissing fraud claim of individual corporate officer plaintiff in part due to lack of any pleaded recoverable damages that she suffered individually, as opposed to damages to the corporation). O'Shea has not pleaded any individual damages, and therefore fails to state any claim against Defendant. *See generally* Dkt. No. 1-3.

C. **ByoPlanet fails to state a claim for breach of contract.**

"Under Florida law, the elements of breach of contract are: (1) the existence of a contract, (2) a breach thereof, and (3) damages flowing from the breach." *Wistar*, 365 F. Supp. 3d at 1269 (citation omitted). ByoPlanet fails to state a claim for breach of contract because it has not adequately pleaded two of these elements: the existence of a contract or damages caused by the alleged breaches. ByoPlanet also fails to plead breach, in part, because its own attachments show that Defendant did not perform the alleged act.

First, ByoPlanet fails to adequately plead the existence of a contract. ByoPlanet alleges that Gilstrap breached "his employment agreement"—but fails to specify that Gilstrap and ByoPlanet are the parties to that agreement. Dkt. No. 1-3 at 3. ByoPlanet must also allege the "legal effect" of the employment agreement, at minimum, in order to adequately plead its existence. *Beluga Chartering GmbH v. Yacht Path Int'l, Inc.*, No. 12-CV-80715-RYSKAMP/HOPKINS, 2013 WL 12124622, at *2 (S.D. Fla. Mar. 13, 2013). ByoPlanet alleges the supposed acts that breached the employment agreement, but fails to explain the legal effect of the agreement itself that made such acts breaches. *See* Dkt. No. 1-3 at 3. ByoPlanet therefore has not sufficiently pleaded the existence of a contract between itself and Defendant.

Second, even if ByoPlanet had plausibly pleaded an existing contract, its breach claim still fails on the element of damages flowing from the alleged breach of contract. ByoPlanet alleges that it "demands judgment for compensatory damages, attorney's fees, and costs[,]" but does not plead anywhere that Defendant's alleged breaches of contract caused it any damages whatsoever. Dkt. No. 1-3 at 3–4.

However, even if ByoPlanet had pleaded that Defendant's purported breaches caused its damages, ByoPlanet would still fail to state a claim for breach of Defendant's employment agreement. ByoPlanet's only pleaded "compensatory damages" are the over $6.7 million CAD judgment entered against ByoPlanet in Canadian court. Dkt. No. 1-3 at 5. ByoPlanet has not pleaded any facts connecting Defendant's alleged breaches of his employment agreement to the entry of a judgment against ByoPlanet. *See* Dkt. No. 1-3 at 3–4. For this reason as well, ByoPlanet has not adequately pleaded breach of contract damages.

Third, ByoPlanet fails to plead breach (in part), because Defendant did not perform the alleged act per ByoPlanet's own Complaint. ByoPlanet references "Exhibit B" in its allegation that

Defendant breached the employment agreement by "reckless financial mismanagement[.]" Dkt. No. 1-3 at 3. The "Exhibit B" referenced, however, is a contract signed by Peter Johansson (not by Defendant). *See* Dkt. No. 1-3 at 50–53. ByoPlanet's own Complaint and exhibits show that Defendant did not perform the alleged breach, and its claim therefore fails, in relevant part, on that basis.

For the reasons enumerated above, ByoPlanet's claim for breach of contract must be dismissed for failure to plead at least one essential element.

**D.**     **ByoPlanet fails to state a claim for breach of fiduciary duty against Defendant.**

The elements of a breach of fiduciary duty claim under Florida law are: (1) "the existence of a fiduciary duty"; (2) "breach of that duty"; and (3) "damages proximately caused by the breach." *Rana Fin.*, 347 F. Supp. 3d at 1153 (citation omitted). The Complaint fails to adequately plead two of these elements: the existence of a duty (in part) and damages. ByoPlanet therefore fails to state a claim for breach of fiduciary duty.

First, the Complaint fails in part to plausibly allege a duty owed by Defendant to ByoPlanet. While Defendant could owe a duty of loyalty, good faith, and due care to ByoPlanet as its Chief Financial Officer ("CFO"), Defendant has found no authority to support the proposition that a Chief Financial Officer owes the company he works for a fiduciary duty to "[d]isclose all material financial information." Dkt. No. 1-3 at 4. Indeed, the case the Complaint cites to support this proposition is fabricated, as previously discussed.

Second, the Complaint fails to plausibly plead the element of "damages proximately caused by the breach" of fiduciary duty. *Rana Fin.*, 347 F. Supp. 3d at 1153. The Complaint does not allege that any damages were caused by the alleged breach. *See* Dkt. No. 1-3 at 4. Instead, it states

that "Plaintiffs demand compensatory damages, punitive damages, and attorney's fees." Dkt. No. 1-3 at 4.

E.  **ByoPlanet fails to state a claim for fraud or conspiracy to commit fraud.**

ByoPlanet's fraud claim must be dismissed for failure to state a claim because: (1) the Complaint fails to plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b); (2) the Complaint does not plead three of the four essential elements of a fraud claim; and (3) ByoPlanet's fraudulent conspiracy claim fails due to the underlying fraud claim's deficiencies as well as ByoPlanet's failure to adequately plead one or more essential elements of civil conspiracy.

> 1. **The Complaint's fraud allegations fail because they are noncompliant with Federal Rule of Civil Procedure 9(b).**

To survive a motion to dismiss, fraud claims must "state with particularity the circumstances constituting fraud or mistake" in accordance with Federal Rule of Civil Procedure 9(b). "The Rule 9(b) standard is satisfied if the complaint sets forth the precise statements complained of and the contextual information surrounding those statements, such as the identities of the speakers, the dates and times that the statements were made, and the contents of the statements." *Rana Fin.*, 347 F. Supp. 3d at 1155 (citation omitted). The Complaint, on its face, does not meet this high standard. It alleges three types of supposed fraud, without any further detail: (1) "[f]alsifying financial records"; (2) "[c]oncealing financial liabilities"; and (3) "[c]olluding with third parties to defraud ByoPlanet[.]" Dkt. No. 1-3 at 4. The first category is not adequately pleaded because ByoPlanet does not state which financial records were supposedly falsified and when, or how they were false. The second is not satisfied, similarly, because ByoPlanet does not allege which "financial liabilities" were concealed and when. *Id.* The third category is insufficient because ByoPlanet does not plead which "third parties" Defendant

allegedly colluded with, what was done to "defraud" ByoPlanet, when that occurred, and what false statements or concealments constituted that alleged fraud. *Id.* The Complaint is entirely void of the facts, dates, and details required to satisfy Rule 9(b), and Plaintiffs' claim for fraud must therefore be dismissed.

### 2. ByoPlanet fails to adequately plead three out of the four essential elements of a fraud claim.

The Complaint not only fails to satisfy Rule 9(b), but also fails to plead multiple essential elements of fraud (and conspiracy to commit fraud). The elements of fraud under Florida law are: "(1) [a] false statement of material fact or suppression of truth by the defendant; (2) that the defendant knew the statement was false; (3) the defendant intended the false statement or omission to induce the plaintiff's reliance; and (4) the plaintiff justifiably relied to his detriment." *Grills v. Philip Morris USA, Inc.*, 645 F. Supp. 2d 1107, 1122–23 (M.D. Fla. 2009). ByoPlanet does not plausibly plead most of these elements. It fails to meet the first element because it does not plead how Defendant allegedly falsified financial records in a material manner, what "financial liabilities" were concealed (and how they were material), and what suppression of truth or false statement was behind the alleged collusion "to defraud ByoPlanet[.]" Dkt. No. 1-3 at 4. ByoPlanet fails to plead the third and fourth elements because it does not allege that Defendant intended inducement of reliance or that ByoPlanet justifiably relied to its detriment on Defendant's purported false statements or omissions. *See* Dkt. No. 1-3 at 4–5. In fact, ByoPlanet alleges no reliance damages whatsoever. *See* Dkt. No. 1-3 at 5. ByoPlanet therefore cannot state a claim for fraud due its failure to plead multiple essential elements of that cause of action.

### 3. ByoPlanet fails to adequately plead a claim for conspiracy to commit fraud, due to the failure of the underlying fraud claim as well as the elements of conspiracy.

The Complaint also fails to state any claim for conspiracy to commit fraud. "The elements of a civil conspiracy are: (a) a conspiracy between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in furtherance of the conspiracy, and (d) damage to plaintiff as a result of the acts performed pursuant to the conspiracy." *Hercules Capital*, 2018 WL 395489, at *24 (citation and quotation marks omitted). A conspiracy claim based on a fraud claim is dependent on the success of the underlying fraud claim. *E.g.*, *Echols v. RJ Reynolds Tobacco Co.*, No. 2:13–CV–14215, 2014 WL 5305633, at *4 (S.D. Fla. Oct. 15, 2014).

Because the Complaint does not adequately plead fraud, it consequently does not plead fraudulent conspiracy either. *See id.* However, it also fails to adequately plead the elements of civil conspiracy as well. The Complaint's sole conspiracy-related allegations are that Defendant supposedly "collud[ed] with third parties to defraud ByoPlanet." Dkt. No. 1-3 at 4. ByoPlanet alleges no overt act in furtherance of the alleged conspiracy to defraud it, nor does it specify the other person(s) with which Defendant allegedly colluded. *See id.* The facts section of the Complaint provides no further clarity. It alleges that "Promark sold the company to ECI" and that "Defendant colluded with Jared Knecht to manufacture a fraudulent contract, leading to a sale at an inflated price to ECI[.]" Dkt. No. 1-3 at 2–3. It is unclear what "ECI" is, what "company" is being referred to, what the "fraudulent contract" is, who "Jared Knecht" is, or how "an inflated price" harmed ByoPlanet. *Id.* Thus, although these allegations that appear to relate to "collusion," they do not state a claim for conspiracy to commit fraud. ByoPlanet's claim for conspiracy to commit fraud (to the extent that it is separate from the fraud claim) must therefore be dismissed, due to the failure to plead not only the essential elements of fraud but also of civil conspiracy.

F.    **Plaintiffs' claims are time-barred in part.**

It appears that Plaintiffs' claims are based in part upon the contract attached to the Complaint as Exhibit B. *See* Dkt. No. 1-3 at 2–4, 50–53. Exhibit B has an effective date of April 25, 2020. Dkt. No. 1-3 at 51. Although Exhibit B is not even signed by Gilstrap (as explained previously), the statute of limitations has run as to any fraud or breach of fiduciary duty claims arising out of the execution or approval of the execution of Exhibit B. *See id.*; Dkt. No. 1-3 at 1 (reflecting filing date of March 3, 2025); Fla. Stat. Ann. § 95.11(3) (setting four-year statute of limitations for fraud and breach of fiduciary duty). For this additional reason, Plaintiffs' fraud, conspiracy, and breach of fiduciary duty claims must be dismissed.

### G.  Plaintiffs fail to state any claim for negligent misrepresentation.

The Complaint references a claim for "[n]egligent misrepresentation" in its statement of jurisdiction. Dkt. No. 1-3 at 2. However, no claim for negligent misrepresentation is actually pleaded. *See* Dkt. No. 1-3 at 3–5. To the extent that Plaintiffs are actually asserting this claim, they have failed to plead it or put Defendant on notice that they are asserting negligent misrepresentation (and the basis for that claim). Therefore, any such claim must be dismissed.

## V.
## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss this action in its entirety and grant Defendant such other and further relief as the Court deems just and proper.

DATED: April 25, 2025                                    Respectfully submitted,

*/s/ Drew P. O'Malley*
**Drew P. O'Malley**
Florida Bar No. 106551
domalley@spencerfane.com
ecoutu@spencerfane.com
**SPENCER FANE LLP**
201 North Franklin Street, Suite 2150
Tampa, Florida 33602
Telephone: 813-424-3509

and

**Joshua L. Hedrick**
Texas Bar No. 24032761
*Admitted pro hac vice*
jhedrick@spencerfane.com
**SPENCER FANE LLP**
2200 Ross Avenue, Suite 4800 West
Dallas, Texas 75201
Telephone: 214-750-3610
Facsimile: 214-750-3612

and

**Rebecca L. Gibson**
Texas Bar No. 24092418
*Admitted pro hac vice*
rgibson@spencerfane.com
**SPENCER FANE LLP**
3040 Post Oak Boulevard, Suite 1400
Houston, Texas 77056
Telephone: 713-552-1234
Facsimile: 713-963-0859

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been served on all parties of record via CM/ECF on April 25, 2025:

James Paul
JUSTICE LAW GROUP, LLP
850 Southeast 8th Avenue
Fort Lauderdale, Florida 33316
Telephone: 917-562-9607
jpaul@justicelawgroup.ai

*Counsel for Plaintiffs*

                                               */s/ Drew P. O'Malley*
                                               Attorney