UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 0:25-cv-60647

BYOPLANET INTERNATIONAL, LLC, and
RICHARD O'SHEA,
Plaintiffs,

v.

CHARLES GILSTRAP,
Defendant.

_____/

### PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiffs ByoPlanet International, LLC ("ByoPlanet") and Richard O'Shea ("O'Shea") respectfully submit this Response in Opposition to Defendant Charles Gilstrap's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). For the reasons below, the motion should be denied in full.

### INTRODUCTION

Defendant Charles Gilstrap's motion to dismiss fails under well-established federal pleading standards. It mischaracterizes factual allegations, ignores core elements of federal pleading doctrine, and improperly asserts matters outside the four corners of the Complaint. Plaintiffs plead multiple independent causes of action, supported by specific factual allegations and sufficient under Rule 8 and Rule 9(b). Dismissal at this early stage would be premature, particularly in light of the factual complexity and interwoven conspiracies outlined in the Complaint.

1

## LEGAL STANDARD

A Rule 12(b)(6) motion tests only the legal sufficiency of a complaint, not the truth of its allegations or the merits of the claims. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). To survive, a complaint need only allege "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In evaluating the motion, courts must "accept all factual allegations as true and draw all reasonable inferences in the plaintiff's favor." *Chapman v. U.S.*, 201 F. Supp. 3d 1216, 1222 (S.D. Fla. 2016).

## ARGUMENT – TEN INDEPENDENT BASES FOR DENIAL

**Count I – The Complaint States a Plausible Claim for Breach of Contract**

To state a claim for breach of contract under Florida law, Plaintiffs must allege: (1) a valid contract; (2) a material breach; and (3) damages. *Behrman v. Allstate Life Ins. Co.*, 388 F. Supp. 2d 1346, 1351 (S.D. Fla. 2005). Plaintiffs specifically allege that Gilstrap, as CFO, entered into an enforceable employment agreement (¶ 17) and materially breached that agreement by mismanaging funds, concealing liabilities, and entering unauthorized contracts.

Damages flowing from the breach include a $6.7 million Canadian judgment. This is sufficient to meet the "plausibility" threshold of *Iqbal* and *Twombly*. See *PNC Bank, N.A. v. Progressive Emp'r Servs. II*, No. 6:15-cv-738, 2016 WL 3476939 (M.D. Fla. June 27, 2016).

**Count II – The Complaint States a Breach of Fiduciary Duty Claim Against Gilstrap**

As CFO, Gilstrap owed fiduciary duties of loyalty, good faith, and due care. See *In re USA Detergents, Inc.*, 418 B.R. 533, 544 (Bankr. D. Del. 2009); *Salkin v. USAA*, 754 So. 2d 861 (Fla. 3d DCA 2000). Plaintiffs allege Gilstrap misrepresented the company's financial position (¶ 20), concealed material liabilities, and misled corporate officers—all breaches of fiduciary duties under Florida law.

Courts routinely recognize fiduciary breaches in similar contexts. See *FDIC v. Stahl*, 89 F.3d 1510, 1525 (11th Cir. 1996) (corporate officer liable for concealment of financial facts).

**Count III – Plaintiffs Allege Fraud with the Specificity Required Under Rule 9(b)**

Plaintiffs allege Gilstrap knowingly concealed financial risks and liabilities, submitted false documents, and colluded with others in a fraudulent scheme (¶¶ 21–22). This satisfies Rule 9(b), which requires pleading the "who, what, when, where, and how" of the fraud. See *U.S. ex rel. Clausen v. Lab. Corp. of Am.*, 290 F.3d 1301, 1310 (11th Cir. 2002).

See also *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1278 (11th Cir. 2006) (complaint satisfied Rule 9(b) where it set forth the fraudulent acts and how they misled the plaintiff).

**Count IV – The Complaint States a Viable Civil Conspiracy to Commit Fraud**

To plead civil conspiracy under Florida law, a plaintiff must allege (1) an agreement between two or more parties, (2) to do an unlawful act, and (3) damages. *American Honda Motor Co. v. Motorcycle Info. Network, Inc.*, 390 F. Supp. 2d 1170, 1178 (M.D. Fla. 2005). Plaintiffs allege Gilstrap conspired with Johansson and Knecht to defraud ByoPlanet and O'Shea (¶¶ 11, 15, 22). These allegations are independently actionable.

**Count V – The Complaint States a Valid Claim for Negligent Misrepresentation**

Negligent misrepresentation occurs when one, in the course of business, supplies false information for the guidance of others. See *Gilchrist Timber Co. v. ITT Rayonier, Inc.*, 696 So. 2d 334, 337 (Fla. 1997). Gilstrap repeatedly misrepresented ByoPlanet's finances and failed to disclose crippling liabilities. These false statements led Plaintiffs to rely to their detriment, satisfying all elements.

**Count VI – O'Shea States an Individual Claim for Personal Economic Damages**

Gilstrap contends O'Shea lacks standing. That is false. O'Shea personally incurred $570,467.46 CAD in attorney fees and $150,000 CAD in punitive damages (¶ 10). Personal liability confers standing under *Sprint Commc'ns Co. v. APCC Servs., Inc.*, 554 U.S. 269, 273 (2008), and allows separate claims even if arising from the same operative facts.

**Count VII – The Complaint Satisfies Rule 8(a) and Rule 12(b)(6)**

Gilstrap's broad attack on pleading standards ignores Eleventh Circuit precedent requiring only a "short and plain statement" that gives notice. See *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). The Complaint spans 15 pages and includes over 40 factual allegations and exhibits. This far exceeds minimum requirements.

**Count VIII – Gilstrap's Attacks on Legal Citations Do Not Warrant Dismissal**

Courts do not dismiss claims over mis-citations or citation errors. See *Smith v. JPMorgan Chase Bank, N.A.*, 2010 WL 2400084, at *2 (S.D. Fla. 2010); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (Rule 11 sanctions require bad faith, not clerical error). Dismissal based on an alleged misquote is not a remedy under Rule 12(b)(6).

**Count IX – Defendant's Motion Inappropriately Invites Factual Resolution**

On a Rule 12(b)(6) motion, courts may not weigh evidence or resolve disputes. See *Chandler v. Sec'y of Fla. Dep't of Transp.*, 695 F.3d 1194, 1199 (11th Cir. 2012). Gilstrap argues facts contrary to the Complaint, including alternate causes for financial losses and speculative board knowledge. These are jury questions, not grounds for dismissal.

**Count X – The Motion Should Be Denied as Premature and Without Merit**

Finally, this Court should deny the motion in full, allow discovery to proceed, and preserve Plaintiffs' right to fully develop the factual record. The allegations in this case support multiple

claims and raise serious concerns of corporate misconduct and fraud. Premature dismissal would deny justice and reward bad faith conduct.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that this Court DENY Defendant's Motion to Dismiss in its entirety and grant any further relief the Court deems just and proper.

Dated: May 5, 2025

Respectfully submitted,

/s/James Paul
James M. Paul, Esq
Florida Bar No.: 1010819
JUSTICE LAW GROUP, LLP
850 Southeast 8th Avenue
Fort Lauderdale, Florida 33316
Tel: (917) 562-9607
Email: jpaul@justicelawgroup.ai
Attorney for Plaintiffs
