**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

| | | |
|---|---|---|
| BYOPLANET INTERNATIONAL, LLC; and<br>RICHARD O'SHEA, | §<br>§<br>§ | |
| Plaintiffs, | §<br>§<br>§ | Civil Action No. 0:25-cv-60647-RS |
| v. | §<br>§ | |
| CHARLES GILSTRAP, | §<br>§<br>§ | |
| Defendant. | § | |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant Charles Gilstrap ("Defendant" or "Gilstrap") files this Reply in Support ("Reply") of his Motion to Dismiss ("Motion") (Dkt. No. 14), and in support thereof, would respectfully show as follows:

**I.
INTRODUCTION & SUMMARY OF ARGUMENT**

Defendant's Motion explained how the Complaint (Dkt. No. 1-3) of Plaintiffs ByoPlanet International, LLC ("ByoPlanet") and Richard O'Shea ("O'Shea") (collectively, "Plaintiffs") must be dismissed not only for failure to state a claim, but also as a sanction for making misrepresentations to the Court and Defendant. Plaintiffs' Response to the Motion (Dkt. No. 16) ("Response") continues Plaintiffs' pattern of misrepresentations and cannot rescue Plaintiffs' deficient pleading. First, like the Complaint, the Response repeatedly misrepresents the content of cited cases, without explanation of why Plaintiffs continue to do so. Plaintiffs' continued misrepresentations evidence bad faith and require dismissal of this matter as a sanction. Second, the Motion showed that Plaintiffs' Complaint fails to state any claim for relief; Plaintiffs' Response

does not show otherwise. Plaintiffs do not dispute many of the arguments in the Motion, and the arguments they do make are insufficient to overcome their deficient pleading (as explained further *infra*). The Court should therefore dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)—regardless of whether it finds that dismissal is appropriate as a sanction.

## II.
### ARGUMENTS & AUTHORITIES

A.      **Like Plaintiffs' Complaint, Plaintiffs' Response to the Motion References False Citations and Fabricated Case Law, Warranting Dismissal.**

The majority of case citations in Plaintiffs' Response to the Motion (Dkt. No. 16) either contain incorrect information from a different case or misrepresent the contents of the cited cases. As discussed in the Motion, the fatal pleading deficiencies in the Complaint themselves require dismissal, but Plaintiffs' blatantly erroneous misrepresentations of case law also warrant dismissing this matter as a sanction—especially since Plaintiffs' continued and unexplained misrepresentations in their Response evidence bad faith.

Many of Plaintiffs' citations do not correspond to existing cases. The cited case number is from a real case, in other words, but the name of the case is incorrect. More importantly, in every instance, neither of the referenced cases reflects the proposition for which it is cited. For example, Plaintiffs cite "*Chapman v. U.S.*" for the proposition that courts must "'accept all factual allegations as true and draw all reasonable inferences in the plaintiff's favor'" when considering a motion to dismiss. Response at 2. The cited case number corresponds to *Veasley v. United States*, 201 F. Supp. 3d 1190 (S.D. Cal. 2016), and the cited case name corresponds to a 2016 Supreme Court memorandum opinion. *See Chapman v. U.S.*, 577 U.S. 1201, 1201 (2016). Neither case contains the language quoted by Plaintiffs—nor does any other case in this District. *See id.*; *Veasley*, 201 F. Supp. 3d at 1190–1222. Similarly, *PNC Bank, N.A. v. Progressive Employer*

*Services II*, 55 So.3d 655 (Fla. 4th Dist. Ct. App. 2011), is a Florida state case—not a Middle District of Florida case, as Plaintiffs cite it. *See* Response at 2; *PNC Bank*, 55 So.3d at 655. The case number Plaintiffs cite belongs to a Patent Trial and Appeal Board matter. *See* Response at 2; *E\*Trade Fin. Corp. v. Droplets, Inc.*, No. IPR2015-00470, 2016 WL 3476939 (P.T.A.B. June 23, 2016). Neither *PNC Bank* nor the cited patent matter make any reference to federal pleading standards or support the proposition for which they are cited. *See id.*; *PNC Bank*, 55 So.3d at 655–60. Other citations in the Response follow the same pattern. *Compare* Response at 2 (citing "*Salkin v. USAA*, 754 So.2d 861 (Fla. 3d DCA 2000)" to support existence of fiduciary duties), *with Almodovar v. Almodovar*, 754 So.2d 861, 861–63 (Fla. 3d Dist. Ct. App. 2000) (containing no reference to breach of fiduciary duty), *and Salkin v. USAA Life Ins. Co.*, 544 F. App'x 713, 713–15 (C.D. Cal. 2013) (same); *compare* Response at 4 (citing "*Smith v. JPMorgan Chase Bank, N.A.*, 2010 WL 2400084, at \*2 (S.D. Fla 2010)" for proposition that "[c]ourts do not dismiss claims over mis-citations or citation errors"), *with Hebert v. Plaquemine Caring, L.L.C.*, 43 So.3d 239, 240–44, 2010 WL 2400084 (La. Ct. App. 2010) (containing no reference or relation to dismissal of claim for mis-citation or citation errors), *and Smith v. JPMorgan Chase Bank, N.A.*, No. 2:22-cv-340-SPC-NPM, 2023 WL 2974217, at \*1–4 (M.D. Fla. Apr. 17, 2023) (same).

Plaintiffs also misrepresent the contents of cited cases. Most of the cases cited by Plaintiff in no way support the proposition for which they are cited. Plaintiffs cite *Behrman v. Allstate Life Insurance Co.*, 388 F. Supp. 2d 1346 (S.D. Fla. 2005), to support the elements of breach of contract, but they are not discussed anywhere in that case. *Compare* Response at 2 (citing *Behrman*, 388 F. Supp. 2d at 1351), *with Behrman*, 388 F. Supp. 2d at 1348–53. The page number Plaintiffs reference in a case cited to support breach of fiduciary duty, *FDIC v. Stahl*, 89 F.3d 1510 (11th Cir. 1996), does not exist, and a breach of fiduciary duty was not even at issue in that matter.

*See* 89 F.3d at 1522 n.16; Response at 3. Many of Plaintiffs' remaining citations continue this pattern of misrepresenting the contents of the cited cases. *See* Response at 2–4; *Chandler v. Sec'y of Fla. Dep't of Transp.*, 695 F.3d 1194, 1199 (11th Cir. 2012) (containing no reference to whether courts can weigh evidence or resolve disputes at the pleading stage); *Wagner v. 1st Horizon Pharm. Corp.*, 464 F.3d 1273, 1278, 1280 (11th Cir. 2006) (finding that the plaintiffs did not satisfy Federal Rule of Civil Procedure 9(b)); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (discussing false filing history disclosures, rather than citation errors, and affirming trial court's dismissal based on those misrepresentations); *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003) (containing no reference to a short and plain statement of fact); *In re USA Detergents, Inc.*, 418 B.R. 533, 540, 544 (Bankr. D. Del. 2009) (applying Delaware rather than Florida law, and containing no support for the proposition that a Chief Financial Officer owes duties of loyalty, good faith, and due care).

Plaintiffs also repeat one of the faulty citations from the Complaint to support their conspiracy argument. *See* Response at 3 (citing *Am. Honda Motor Co. v. Motorcycle Info. Network*, 390 F. Supp. 2d 1170, 1178 (M.D. Fla. 2005)); Dkt. No. 1-3 at 4. Plaintiffs offer no explanation for the original faulty citation and do not attempt to correct it in their Response. *See* Response at 3.

Plaintiffs attempt to excuse the patently inaccurate citations and fabricated case in their Response as misquotes, "mis-citations or citation errors." Response at 4. But Plaintiffs have not merely mistaken a page number or mixed up two cases. As explained in the Motion, Plaintiffs misrepresented case law and cited cases for propositions that they do not support by any stretch of the imagination whatsoever. *See* Motion at 3–5. Plaintiffs have done the same thing here in their

Response. Plaintiffs also do not even attempt to explain how or why they have done so repeatedly in two different filings—which further suggests that dismissal is warranted as a sanction.

Plaintiffs also argue (without support) that dismissal "based on an alleged misquote" is not appropriate on a Rule 12(b)(6) motion. Response at 4. To the contrary, another court in this District has dismissed a case in part as a sanction for citing fake legal authority at the pleading stage, finding that the plaintiff made "misrepresentations to the court." *O'Brien v. Flick*, No. 24-61529-CIV-DAMIAN, 2025 WL 242924, at *7 (S.D. Fla. Jan. 10, 2025). The same logic applies here, and the Court should dismiss Plaintiffs' claims as a sanction for their bad faith misrepresentations to the Court.

**B.      O'Shea Fails to State any Claim against Defendant.**

As explained in the Motion, O'Shea has not pleaded a single valid claim against Defendant, because he pleads no contract with Defendant, pleads no duty owed by Defendant to O'Shea individually, pleads no fraud against O'Shea individually, and does not seek any individual damages. *See* Motion at 5–7. Plaintiffs' Response cannot rescue these fundamental deficiencies in the Complaint, and the Court must therefore dismiss O'Shea's claims against Defendant.

First, Plaintiffs do not dispute that they failed to plead any contract between O'Shea and Defendant. *See* Response at 2, 4. Plaintiffs' Response, like the Complaint, only discusses the allegation that Defendant entered into an "employment agreement" with an unknown party. *See* Response at 2; Dkt. No. 1-3 at 3. Plaintiffs do not allege anywhere that O'Shea personally contracted with Defendant, and O'Shea therefore fails to state a claim for breach of contract.

Second, O'Shea does not and cannot show that Defendant owed O'Shea individually any fiduciary duty as an individual whatsoever, as explained in the Motion. *See* Motion at 6. The Response does not dispute this point. *See* Response at 2–3. The Response only discusses breach

of fiduciary duty in terms of duties owed in general—without addressing duties Defendant allegedly owed to O'Shea individually—and cites completely inapplicable case law. *See id.*; *FDIC*, 89 F.3d at 1522 n.16.

Third, the Response does not dispute O'Shea's failure to allege that he was defrauded individually (or that O'Shea ever dealt with Defendant in O'Shea's individual capacity). *See* Response at 3. O'Shea has therefore failed to state an individual claim for fraud. *See* Motion at 6.

Fourth, the Complaint does not seek any damages for O'Shea individually, as explained in the Motion. *See* Motion at 6–7. The Response contends that O'Shea "personally incurred $570,467.46 CAD in attorney fees and $150,000 CAD in punitive damages." Response at 4. Whether or not that is the case, Plaintiffs failed to plead those damages in the Complaint, and O'Shea has therefore failed to state any claim for relief. *See id.*; Motion at 6–7.

Because O'Shea fails to state any claim for relief against Defendant, his individual claims must be dismissed.

C.    **ByoPlanet fails to state a claim for breach of contract.**

As Defendant showed in the Motion, ByoPlanet does not state a claim for breach of contract because it failed to plead the essential elements of a valid contract and damages caused by the alleged breaches, and in part because Defendant did not commit the alleged breach connected to "Exhibit B" to the Complaint. *See* Motion at 7–9. Plaintiffs' Response cannot overcome these pleading deficiencies, as explained below.

First, Plaintiffs argue that they adequately pleaded a contract because they "specifically allege[d] that Gilstrap, as CFO, entered into an enforceable employment agreement[.]" Response at 2. Plaintiffs again fail to specify which Plaintiff, if any, was party to Gilstrap's employment agreement. Presumably, it is ByoPlanet—but Plaintiffs do not allege that in their Response or in

the Complaint. *See id.*; Dkt. No. 1-3 at 3. Plaintiffs' Response also does not change the fact that they failed to plead the legal effect of the employment agreement. *See* Motion at 8. Like the Complaint, the Response discussed Gilstrap's alleged acts that supposedly breached the employment agreement—but fails to explain the legal effect of the agreement itself that made such acts breaches. *See* Response at 2; Dkt. No. 1-3 at 3. ByoPlanet therefore has not sufficiently pleaded the existence of a contract between itself and Defendant.

Second, the Response argues that the "$6.7 million Canadian judgment" constitutes "[d]amages flowing from the breach" sufficient to plausibly plead the element of damages. Response at 2. The Response does not dispute, however, that ByoPlanet failed to plead any facts connecting the Canadian judgment to the alleged breaches. *See id.*; Motion at 8. Simply mentioning damages in one part of the Complaint without tying them to the breach of contract claim specifically is not enough to plausibly plead the essential element of damages <u>flowing from</u> the alleged breach.

Third, ByoPlanet does not dispute that Defendant did not perform the acts referenced in Exhibit B to the Complaint—which form one part of ByoPlanet's breach of contract claim. *See* Response at 2; Motion at 8–9. Exhibit B, as explained in the Motion, reflects that it was executed by Peter Johansson and not by Defendant. *Id.* ByoPlanet cannot state a claim for breach against Gilstrap based on the acts of others—especially when it has failed to explain the connection between them.

For the reasons explained above and in the Motion, ByoPlanet's claim for breach of contract must be dismissed for failure to plead at least one essential element.

**D.**     <u>**ByoPlanet fails to state a claim for breach of fiduciary duty against Defendant.**</u>

As explained in the Motion, ByoPlanet's breach of fiduciary duty claim must be dismissed because the Complaint fails to adequately plead two essential elements: the existence of a duty (in part) and damages. *See* Motion at 9–10.

First, and most importantly, the Response does not dispute that the Complaint fails to plausibly plead the essential element of damages. As the Motion noted, the Complaint does not allege that any damages were caused by the alleged breach. *See* Dkt. No. 1-3 at 4. ByoPlanet has therefore failed to plead an essential element, and the Court must dismiss its claim for breach of fiduciary duty.

Second, the Complaint fails in part to plausibly allege a duty owed by Defendant to ByoPlanet to "disclose all material financial information[,]" as explained in the Motion. Motion at 9. The Response contends that Gilstrap "misrepresented [ByoPlanet's] financial position, concealed material liabilities, and misled corporate officers—all breaches of fiduciary duty under Florida law." Response at 2. ByoPlanet cites no authority to support this contention, however. *See id.*; Response at 9. ByoPlanet also cites *FDIC v. Stahl*, 89 F.3d 1510 (11th Cir. 1996), for the proposition that a "corporate officer" can be "liable for concealment of financial facts[.]" Response at 3. But in *FDIC*, as noted *supra*, there was no breach of fiduciary duty claim at issue—nor does that case contain the page cited by the Response. *See id.*; *FDIC*, 89 F.3d at 1522 n.16. Plaintiffs' arguments therefore fail to rescue their claim for breach of fiduciary duty.

**E.     ByoPlanet fails to state a claim for fraud or conspiracy to commit fraud.**

The Response cannot revive ByoPlanet's deficient fraud pleading. First, as the Motion showed, the Complaint failed to plead fraud with particularity, as required by Federal Rule of Civil Procedure 9(b). *See* Motion at 10–11. Plaintiffs' Response argues that their bare allegations satisfy Rule 9(b). *See* Response at 3. Plaintiffs' allegations do not reflect the "'who, what, when, where,

and how'" of the alleged fraud—which Plaintiffs concede is required to comply with Rule 9(b), and they are therefore insufficient. Response at 3 (quoting *U.S. ex rel. Clausen v. Lab. Corp. of Am.*, 290 F.3d 1301, 1310 (11th Cir. 2002)). The Response also cites *Wagner v. First Horizon Pharmaceutical Corp.*, 464 F.3d 1273 (11th Cir. 2006), arguing that a complaint that simply "set forth the [alleged] fraudulent acts and how they misled the plaintiff" satisfied Rule 9(b). Response at 3. As noted *supra*, however, the Court in *Wagner* found that Rule 9(b) had not been satisfied. *See* 464 F.3d at 1280. Plaintiffs' argument is unsupported and cannot save their deficient pleading.

Second, ByoPlanet failed to plead three essential elements of fraud, as explained in the Motion. *See* Motion at 11. Plaintiffs do not dispute this point, nor do they address it in their Response. *See* Response at 3. Plaintiffs' failure to meet pleading standards is uncontroverted, providing another reason why the Court should dismiss ByoPlanet's fraud claim.

Third, as the Motion explained, the failure of ByoPlanet's fraud claim necessarily requires dismissal of its fraudulent conspiracy claim as well. *See* Motion at 12. Plaintiffs contend that they have an "independently actionable" claim for civil conspiracy, but cite no supporting case law. *See* Response at 3. Nor can they; under Florida law, a conspiracy claim based on a fraud claim is dependent on the success of the underlying fraud claim. *See Echols v. RJ Reynolds Tobacco Co.*, No. 2:13–CV–14215, 2014 WL 5305633, at *4 (S.D. Fla. Oct. 15, 2014).

Plaintiffs' Response fails to rescue their deficient pleading, and ByoPlanet's claims for fraud and fraudulent conspiracy must therefore be dismissed.

## F.    <u>Plaintiffs' claims are time-barred in part.</u>

Plaintiffs do not dispute that their claims for breach of fiduciary duty and fraud are time-barred in part because they are based on the April 25, 2020 contract attached to the Complaint as

Exhibit B. *See* Motion at 13; *see generally* Response. Because the Motion is uncontroverted on this point, the Court should dismiss those claims in relevant part.

**G.** **Plaintiffs fail to state any claim for negligent misrepresentation.**

The Response recites the elements of negligent misrepresentation and argues that the Complaint's allegations support that cause of action—but Plaintiffs neglect to mention that they did not plead any cause of action for negligent misrepresentation. *See* Response at 3; Motion at 13. The Complaint's passing reference to a claim for "[n]egligent misrepresentation" in its statement of jurisdiction—without any further pleading or allegations setting forth that claim—is not only insufficient under Rule 12(b)(6), but also fails to even give Defendant notice of the claim (as required by Rule 8). Dkt. No. 1-3 at 2; *see* FED. R. CIV. P. 8(a), 12(b)(6). Plaintiffs' allegations in the Response cannot change the fact that they did not plead this cause of action in their Complaint, and it must therefore be dismissed.

## III.
### CONCLUSION

For the foregoing reasons and for those set forth in the Motion, Defendant respectfully requests that the Court grant the Motion.

DATED: May 12, 2025

Respectfully submitted,

*/s/ Drew P. O'Malley*
**Drew P. O'Malley**
Florida Bar No. 106551
domalley@spencerfane.com
ecoutu@spencerfane.com
**SPENCER FANE LLP**
201 North Franklin Street, Suite 2150
Tampa, Florida 33602
Telephone: 813-424-3509

and

**Joshua L. Hedrick**
Texas Bar No. 24032761
*Admitted pro hac vice*
jhedrick@spencerfane.com
SPENCER FANE LLP
2200 Ross Avenue, Suite 4800 West
Dallas, Texas 75201
Telephone: 214-750-3610
Facsimile: 214-750-3612

and

**Rebecca L. Gibson**
Texas Bar No. 24092418
*Admitted pro hac vice*
rgibson@spencerfane.com
SPENCER FANE LLP
3040 Post Oak Boulevard, Suite 1400
Houston, Texas 77056
Telephone: 713-552-1234
Facsimile: 713-963-0859

ATTORNEYS FOR DEFENDANT

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 12th day of May, 2025, a true copy of the foregoing has been electronically filed with the Clerk of Court through the Court's CM/ECF E-Filing Portal and served on all counsel of record via transmission of Notices of Electronic Filing generated by the CM/ECF E-Filing Portal:

James Paul
JUSTICE LAW GROUP, LLP
850 Southeast 8th Avenue
Fort Lauderdale, Florida 33316
Telephone: 917-562-9607
jpaul@justicelawgroup.ai

*Counsel for Plaintiffs*

*/s/ Drew P. O'Malley*
Attorney