**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

| | | |
|---|---|---|
| BYOPLANET INTERNATIONAL, LLC; and RICHARD O'SHEA, | § | |
| Plaintiffs, | § | Civil Action No. 0:25-cv-60647-DSL |
| v. | § | |
| CHARLES GILSTRAP, | § | |
| Defendant. | § | |

**DEFENDANT CHARLES GILSTRAP'S TIMELINE AND SUPPLEMENTAL BRIEFING IN RESPONSE TO ORDER FOLLOWING SHOW CAUSE HEARING**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant Charles Gilstrap ("Gilstrap") hereby files this Timeline and Supplemental Briefing ("Timeline and Brief") in response to the Court's June 18, 2025 ("Order") (Dkt. No. 30) following its June 17, 2025 status conference and show cause hearing ("Hearing"). As requested by the Court at the Hearing and in its Order, Gilstrap provides: (1) a timeline of filings in all related cases which used generative artificial intelligence ("generative AI"); (2) supplemental briefing regarding whether the Court should dismiss this action with prejudice as a sanction for Mr. Paul's misrepresentations to the Court due to use of generative AI.

Counsel for Gilstrap will submit, by separate filing, records of time spent and fees incurred in responding to filings in this case and related cases which used generative AI, as requested by the Court.

## I.
## TIMELINE OF FILINGS USING GENERATIVE ARTIFICIAL INTELLIGENCE AND RELATED PROCEDURAL HISTORY

Plaintiff ByoPlanet International, LLC ("ByoPlanet" or "Plaintiff") has filed at least three separate matters related to the same series of events, all of which are pending in this District:

(1) the instant case, which was removed to this Court from Florida state court;

(2) the case styled *ByoPlanet International, LLC v. Peter Johansson and Charles Gilstrap*, Case No. 0:25-cv-60630-DSL ("RICO Action"); and

(3) *ByoPlanet International, LLC v. Jared Knecht*, Case No. 0:25-cv-60646-DSL ("Knecht Action").

*See* Dkt No. 1-3; Dkt. No. 1 in Case No. 0:25-cv-60630-DSL; Dkt. No. 1 in Case No. 0:25-cv-60646-DSL. This list is based on the Supplemental Brief Pursuant to Court Order Dated June 17, 2025 (Dkt. No. 20 in Case No. 0:25-cv-60646-DSL), filed in the Knecht Action by counsel for ByoPlanet and Richard O'Shea ("O'Shea"), James Paul ("Mr. Paul"), in which Mr. Paul lists the filings he utilized generative AI to draft. In all three of the cases listed above, Mr. Paul has fabricated case law and misrepresented the contents of cited cases to the court in certain pleadings and filings drafted using generative AI.

ByoPlanet, O'Shea, and/or a related entity (Debt Dynamics, LLC) are involved in at least six more related cases:

(1) *Promark Electronics Inc. v. ByoPlanet International, LLC, Richard O'Shea*, *RPMOS, LLC, and Good Salt LLC*, Case No. CACE-24-005937 in the Seventeenth Judicial Circuit Court in and for Broward County, Florida ("Promark Action");

(2) *Richard O'Shea v. Jason Novak*, Case No. 0:25-cv-60712 in the United States District Court for the Southern District of Florida;

(3) *ByoPlanet International, LLC v. Peter Johansson*, Case No. CACE-24-010519 in the Seventeenth Judicial Circuit Court in and for Broward County, Florida;

(4) *Debt Dynamics, LLC v. Promark Electronics, Inc., Electrical Components International, Inc., Cerberus Capital Management, Inc., Jarred Knecht, Brandon Knecht, and Robert Knecht*, Case No. CACE-25-003582 in the Seventeenth Judicial Circuit Court in and for Broward County, Florida ("Debt Dynamics Action");

(5) *Richard O'Shea v. Promark Electronics, Inc., Electrical Components International, Inc., Cerberus Capital Management, Inc., Jarred Knecht, Brandon Knecht, and Robert Knecht*, Case No. CACE-25-003491 in the Seventeenth Judicial Circuit Court in and for Broward County, Florida ("O'Shea Action"); and

(6) *Richard O'Shea v. Promark Electronics, Inc.*, Case No. 4D2025-0557 in Florida's Fourth District Court of Appeals ("State Court Appeal").

In at least three of these related matters, Mr. Paul utilized generative AI to draft pleadings and filings. *See* Dkt. No. 20 in Case No. 0:25-cv-60646-DSL, at 3 (listing filings).

Mr. Paul first misrepresented case law via use of generative AI in ByoPlanet's Complaint in this case on **March 3, 2025**. *See* Dkt. No. 14, at 3–5; Dkt. No. 36 in Case No. 0:25-cv-60630-WPD, at 1–2 (explaining use of generative AI); Dkt. No. 20 in Case No. 0:25-cv-60646-DSL, at 2 (admitting use of generative AI in this filing).

Next, Mr. Paul used generative AI to draft:

(1) Debt Dynamics, LLC's Complaint in the Debt Dynamics Action, filed on **March 10, 2025**;

(2) ByoPlanet's Complaint in the RICO Action (Dkt. No. 1 in Case No. 0:25-cv-60630-DSL), filed on **April 1, 2025**;

(3) ByoPlanet's Complaint in the Knecht Action (Dkt. No. 1 in Case No. 0:25-cv-60646-DSL), filed on **April 3, 2025**; and

(4) O'Shea's Complaint in the O'Shea Action, filed on **April 30, 2025**;

*See* Dkt. No. 20 in Case No. 0:25-cv-60646-DSL, at 2–3.

After Gilstrap removed the above-captioned matter to this Court and moved to dismiss it, ByoPlanet's **May 5, 2025** response to that motion to dismiss (Dkt. No. 16) continued the use of generative AI and the attendant misrepresentations—without any attempt to correct the error. *See* Dkt. No. 19, at 2–5 (explaining misrepresentations in ByoPlanet's response to Gilstrap's Motion to Dismiss); Dkt. No. 16; Dkt. No. 36 in Case No. 0:25-cv-60630-DSL, at 1–2 (explaining use of

generative AI); Dkt. No. 20 in Case No. 0:25-cv-60646-DSL, at 2 (admitting use of generative AI in this filing).

Mr. Paul next utilized generative AI to draft a **May 7, 2025** motion to dismiss in the O'Shea Action. *See* Dkt. No. 20 in Case No. 0:25-cv-60646-DSL, at 3.

In O'Shea's **May 7, 2025** appellant brief and **May 8, 2025** amended appellant brief in the State Court Appeal, Mr. Paul utilized generative AI again, resulting in further misrepresentations of case law to that court. *See* Ex. A, Appellee Brief from State Court Appeal, at pp. 17–21 (explaining use of artificial intelligence and misrepresentations of case law); Ex. B, Amended Appellant Brief from State Court Appeal; Dkt. No. 20 in Case No. 0:25-cv-60646-DSL, at 3 (listing appellant briefs in list of filings that utilized generative AI).

In the Promark Action, Mr. Paul misrepresented case law to the court again in a Motion for Protective Order, filed on **May 9, 2025**. *See* Dkt. No. 20 in Case No. 0:25-cv-60646-DSL, at 2 (admitting use of generative AI in this filing).

Mr. Paul then used generative AI again to draft two motion responses filed on **May 15, 2025**:

(1) Debt Dynamics, LLC's response to a motion to dismiss in the Debt Dynamics Action on **May 15, 2025**; and

(2) ByoPlanet's Response in Opposition to Defendant's Motion to Dismiss in the Knecht Action (Dkt. No. 10 in Case No. 0:25-cv-60646-DSL) on **May 15, 2025**;

*See* Dkt. No. 20 in Case No. 0:25-cv-60646-DSL, at 2–3.

Next, ByoPlanet's **May 22, 2025** response to Gilstrap's motion to dismiss in the RICO Action (Dkt. No. 32 in Case No. 0:25-cv-60630-DSL) also utilized generative AI, citing non-existent cases and misrepresenting the content of real cases to this Court. *See* Dkt. No. 33 in Case No. 0:25-cv-60630-DSL, at 2–4 (explaining misrepresentations); Dkt. No. 36 in Case No. 0:25-

cv-60630-DSL, at 1–2 (explaining use of generative AI); Dkt. No. 38 in Case No. 0:25-cv-60630-DSL, at 1–2 (same). Notably, that response was filed roughly two weeks after Gilstrap's filings in this action put ByoPlanet's counsel on notice of his own misrepresentations and the failures of the AI tools he was utilizing for legal research and drafting. *See* Dkt. No. 19 at 2–5; Dkt. No. 32 in Case No. 0:25-cv-60630-DSL.

ByoPlanet's **May 22, 2025** response to defendant Jared Knecht's motion to dismiss in the Knecht Action (Dkt. No. 10 in Case No. 0:25-cv-60646-DSL) continued this pattern. *See* Dkt. No. 14 in Case. No. 0:25-cv-60646-DSL, at 1 (explaining use of generative AI); *see also* Dkt. No. 36 in Case No. 0:25-cv-60630-DSL, at 2 (same); Dkt. No. 12 in Case No. 0:25-cv-60646-DSL, at 2 (explaining misrepresentations to the court in ByoPlanet's response to Knecht's motion to dismiss). Again, this filing came nearly two weeks after Gilstrap put ByoPlanet's counsel on notice regarding misrepresentations to the court that had resulted from his use of generative AI.

On May 29, 2025 in the Knecht Action, this Court ordered ByoPlanet's counsel to show cause whether he intentionally made misrepresentations to the court. *See* Dkt. No. 23-1 at 2–3 (copy of show cause order from Knecht case). ByoPlanet's counsel filed a written response to that order on May 30, and for the first time, acknowledged his repeated misrepresentations and the use of generative artificial intelligence for drafting and research. *See* Dkt. No. 14 in Case No. 0:25-cv-60646-DSL, at 1.

Gilstrap filed copies of the show cause order from the Knecht Action in this case and the RICO action to keep the Court apprised. *See* Dkt. No. 23-1; Dkt. No. 34-1 in Case No. 0:25-cv-60630-DSL. The court in the RICO Action then issued its own show cause order, to which ByoPlanet's counsel, Mr. Paul, responded. *See* Dkt. Nos. 35, 36 in Case No. 0:25-cv-60630-DSL. Mr. Paul's response to the show cause order in the RICO Action case largely mirrors his response

to the show cause order in the Knecht Action. *Compare* Dkt. No. 36 in Case No. 0:25-cv-60630-DSL, *with* Dkt. No. 14 in Case No. 0:25-cv-60646-DSL.

This Court ordered Mr. Paul and the other parties' counsel in the Knecht Action and this case to appear at a hearing to address Mr. Paul's use of generative AI, and subsequently issued its Order requesting this timeline. *See* Dkt. No. 30.

## II.
## SUPPLEMENTAL BRIEFING REGARDING APPROPRIATENESS OF DISMISSAL AS A SANCTION

ByoPlanet's counsel, Mr. Paul, admits that he utilized generative artificial intelligence tools to conduct legal research utilized in the filings in the RICO Action, this matter, and the Knecht Action summarized above. *See* Dkt. No. 36 in Case No. 0:25-cv-60630-DSL; Dkt. No. 14 in Case No. 0:25-cv-60646-DSL. As shown by the timeline of events discussed *supra* herein, even after Mr. Paul was put on notice by Gilstrap's and Knecht's filings that he was citing fake legal authority and making misrepresentations, Mr. Paul continued to use those same tools without verifying any of the resulting language or research. This evidences bad faith and warrants sanctions. *See, e.g.*, *Versant Funding LLC v. Teras Breakbulk Ocean Navigation Enters., LLC*, No. 17-cv-81140-DIMITROULEAS/MATTHEWMAN, 2025 WL 1440351, at *4 (S.D. Fla. May 20, 2025) ("filing by an attorney of a pleading, motion, response, reply, or other paper in court without checking the accuracy of the case citations and the proposition the case supports, resulting in a fake case citation being presented to the Court, violates an attorney's legal and ethical duties and obligations[,]" and warrants sanctions); *O'Brien v. Flick*, No. 24-61529-CIV-DAMIAN, 2025 WL 242924, at *5–7 (S.D. Fla. Jan. 10, 2025), *appeal filed*, No. 25-10143 (11th Cir. Jan. 15, 2025); *see also Qantum Commc'ns Corp. v. Star Broad., Inc.*, 473 F. Supp. 2d 1249, 1268 (S.D. Fla. 2007) (citation omitted) ("sanctions such as dismissal . . . are within a court's inherent power when a party's conduct evidences bad faith and an attempt to perpetrate a fraud on the court").

This Court "has inherent authority to sanction the misuse of AI when it affects the Court's docket, case disposition, and ruling." *Versant Funding*, 2025 WL 1440351, at *3. Courts have imposed varying degrees of sanctions on counsel and parties for filing documents without verifying case citations taken from generative artificial intelligence, including a referral to the relevant disciplinary body, monetary sanctions, striking the relevant filing, and dismissal of the case or appeal. *See Versant Funding*, 2025 WL 1440351, at *6 (collecting cases); *United States v. Hayes*, 763 F. Supp. 3d 1054, 1071–72 (E.D. Cal. 2025) (collecting nationwide cases); *O'Brien*, 2025 WL 242924, at *5. Here, dismissal of the case is an appropriate sanction, as discussed further below, because Mr. Paul did not take sufficient remedial measures after first learning that his use of generative AI resulted in submission of fake legal authority to courts in this state and District. Instead, he continued to utilize it without explanation, withdrawal of the citations, or apology, until this Court issued a show cause order.

In the *O'Brien* case, another court in this District dismissed the case as a sanction, due to fake cases submitted in a filing by the *pro se* plaintiff that the court suspected was drafted using generative AI. *See O'Brien*, 2025 WL 242924, at *5–7. The Court found that dismissal was an appropriate sanction, based not only on the submission of fake legal authority but also deficient pleading. *See id.* at *5. The plaintiff claimed that he had inadvertently mixed up certain legal citations, when he had actually cited two non-existent cases. *Id.* The court found this explanation unconvincing, and noted that the use of fake legal authority evidences an "improper purpose" for the filing in which they are used. *Id.* at *6. The court noted that sanctions are a "not uncommon" way to punish parties for using fake citations—even *pro se* litigants. *Id.* The court found bad faith—notwithstanding the plaintiff's claim that he did not intentionally make misrepresentations to the court—and sanctioned plaintiff by dismissing his case. *See id.* at *5–7. Here, the Court

should do the same. *See id.* at *7 (citing *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006)). Although Mr. Paul claims that his use of fake authority was inadvertent, this does not excuse his complete failure to check the case law cited in his filings. Mr. Paul was required to verify the case law he cited regardless of whether those citations came from generative AI or a human researcher. *See Versant Funding*, 2025 WL 1440351, at *4.

Dismissal is also appropriate here because Mr. Paul's conduct is worse than that of counsel in cases where courts in this District imposed lesser sanctions. In *Versant Funding*, for instance, another court in this District only imposed attorneys' fees, CLE requirements, and fines as a sanction on the defendants' counsel for submission of fake case citations to the court due to use of generative AI without verification. *See Versant Funding*, 2025 WL 1440351, at *7. However, in that matter, the defendants' counsel had apologized directly to the court and opposing counsel and had also moved to withdraw the faulty citation after learning of their error—which contributed to the court's decision not to impose dismissal as a sanction. *See id.* at *1–2, *5–6.

Unlike the defendants' counsel in *Versant Funding*, Mr. Paul did not attempt any remedial action. Specifically, after learning of his misrepresentations, Mr. Paul did not apologize to opposing counsel or attempt to withdraw the citations at issue. He has only stated that he has taken precautions to prevent <u>future</u> misrepresentations. *See* Dkt. No. 36 in Case No. 0:25-cv-60630-DSL, at 2. But, this comes too late. Even after Gilstrap's and Knecht's filings put Mr. Paul on notice regarding his repeated misrepresentations to the courts in this District, he continued to use the same artificial intelligence tool to conduct research and draft his pleadings <u>multiple times</u>—taking no steps whatsoever to verify the resulting research before using it in his filings on behalf of ByoPlanet. *See* Section I *supra*. Only this Court's show cause order (and that of Judge Dimitrouleas in the RICO Action) caused Mr. Paul to stop deliberately utilizing generative AI

without verification—and Gilstrap has now incurred tens of thousands of dollars in attorneys' fees because of Mr. Paul's misrepresentations and misconduct.

Mr. Paul's course of conduct warrants sanctions more severe than those in *Versant Funding*. Based on *O'Brien*, those sanctions should take the form of dismissal with prejudice—especially in light of the fact that Plaintiffs have also failed to state any claim for relief against Gilstrap. *See O'Brien*, 2025 WL 242924, at *5–8.

DATED: June 26, 2025

Respectfully submitted,

*/s/ Drew P. O'Malley*
**Drew P. O'Malley**
Florida Bar No. 106551
domalley@spencerfane.com
ecoutu@spencerfane.com
**SPENCER FANE LLP**
201 North Franklin Street, Suite 2150
Tampa, Florida 33602
Telephone: 813-424-3509

and

**Joshua L. Hedrick**
Texas Bar No. 24032761
*Admitted pro hac vice*
jhedrick@spencerfane.com
**SPENCER FANE LLP**
2200 Ross Avenue, Suite 4800 West
Dallas, Texas 75201
Telephone: 214-750-3610

and

**Rebecca L. Gibson**
Texas Bar No. 24092418
*Admitted pro hac vice*
rgibson@spencerfane.com
**SPENCER FANE LLP**
3040 Post Oak Boulevard, Suite 1400
Houston, Texas 77056
Telephone: 713-552-1234

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been served on all parties of record via CM/ECF on June 26, 2025:

James Paul
JUSTICE LAW GROUP, LLP
850 Southeast 8th Avenue
Fort Lauderdale, Florida 33316
Telephone: 917-562-9607
jpaul@justicelawgroup.ai

***Counsel for Plaintiffs***

*/s/ Drew P. O'Malley*
Drew P. O'Malley